PEOPLE, PLAINTIFF AND APPELLEE, *v.* RUIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Embezzlement.

No. 1209.—Decided November 30, 1917.

EMBEZZLEMENT — FRAUDULENT APPROPRIATION. — When a person receives certain clothing for sale on commission and fraudulently appropriates to his own use a part of the proceeds of the sale he is guilty of embezzlement.

The facts are stated in the opinion.
*Mr. E. H. F. Dottin* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.
MR. JUSTICE DEL TORO delivered the opinion of the court.

Miguel Ruiz was charged with having received in Puerta de Tierra, of the Judicial District of San Juan, on October 11, 1916, certain ladies' garments and dresses valued at $94.80 to be sold by him as agent on a commission basis of 20 per cent, and with having appropriated to his own use the part of said sum belonging to the owner of the dresses with intent to defraud the said owner. The accused pleaded not guilty and the case having been tried in the district court, he was convicted and sentenced to pay a fine of $100 or, in default of its payment, to one day's imprisonment in jail for each dollar not paid.

The defendant took the present appeal, alleging that the district court erred because it was not proved at the trial (a) that he was the agent of the owner of the dresses; (b) that any fiduciary relation existed between him and the said owner, and (c) because the evidence showed that he became the owner of the garments immediately upon delivery, citing in support of his contention the case of The People v. Rivera, 21 P. R. R. 366.

We have examined the evidence carefully and find that that for the prosecution fully sustains the facts charged in the complaint. The defendant received the garments for sale on commission. The ownership of the garments did not pass to the defendant by reason of delivery. Although he could sell the garments at whatever price he wished, each garment was given a certain value on delivery and that value formed the basis on which the commission to be received by the defendant in each case was estimated.

The evidence for the defense tends to show that the defendant usually bought the garments on credit, reselling them later and paying their value to his vendor; that he in turn sold the goods on credit and was not paid therefor, hence his inability to comply with the obligation which he contracted. In other words, the said evidence tends to show that the remedy is civil and not criminal.

The district court gave credence to the witnesses for the prosecution and not to those for the defense, and in our opinion no forcible reason has been adduced to show that the court committed any error or injustice in holding as it did.

The judgment appealed from should be

*Affirmed.*

Justices Wolf and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.